IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK MOSLEY, #233 819, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14-CV-71-WHA |
| | ) | [WO] |
| THE DOTHAN POLICE | ) | |
| DEPARTMENT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer,

Alabama, filed this 42 U.S.C. § 1983 complaint on January 27, 2014.[1]  Plaintiff alleges that

rights, privileges, or immunities afforded him under the Constitution or laws of the United

States were abridged due to the conduct and actions of Defendants regarding his criminal

court proceedings which occurred on or about January 14, 2009.[2]  Plaintiff sues for damages

and injunctive relief against the Dothan Police Department, Jason Adkins, John Brunner, Joe

---

[1] Although the Clerk stamped the present complaint "filed" on February 3, 2014, a notary signed Plaintiff's complaint on January 27, 2014.  Thus, it is clear that Plaintiff had the complaint within his possession at such time and could not have submitted it to prison officials for mailing prior to January 27, 2014.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers January 27, 2014, as the date of filing.

[2] In accordance with the prior orders and proceedings of the court, the instant complaint is proceeding on the amended complaint filed by Plaintiff on March 17, 2014.  *See Doc. Nos. 9, 11.*

Cochran, Sadie Edwards, Andy Martin, Brent Parrish, Chris Watson, Mark Johnson, Nereida Bundy, and Gwen Cooper. Upon review of the amended complaint, the court concludes that its dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

## I.  DISCUSSION

### A.  Claims Barred by the Statute of Limitations

Plaintiff's amended complaint lacks clarity and is short on facts.[4]  As best as the court can discern from the allegations Plaintiff makes, he seeks to challenge the validity of a conviction and/or sentence imposed on January 14, 2009.  Specifically, Plaintiff appears to challenge the legality of various criminal court proceedings involved in the subject matter of his complaint including the sufficiency of the evidence used to obtain the challenged conviction and/or sentence.  *Doc. No. 11*.

It is clear from the face of the amended complaint that the challenges asserted by Plaintiff are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406,

---

[3]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4]The court directed Plaintiff to file an amended complaint finding his original complaint to be rambling and, for the most part, unintelligible.  *Doc. No. 9*.  The court, however, finds Plaintiff's amended complaint fares little to no better in this regard.

> 1409 (11th Cir. 1985). Selection of a limitations period for §
> 1983 actions changed several times [between 1985 and 1989].
> Alabama law, however, provides that the applicable limitations
> period is the one in effect when the claim is filed, not when the
> cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399
> So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983
> claims were subject to a two year limitations period at that time.
> *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th
> Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Plaintiff filed the instant

complaint, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two

years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the proper statute of limitations for §

1983 actions is the forum state's general or residual statute of limitations for personal injury

actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama,

the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-

38(l).

The alleged unconstitutional actions about which Plaintiff complains occurred on or

before January 14, 2009. On May 17, 1996, the Alabama legislature rescinded that portion

of the tolling provision which previously applied to convicted prisoners.[5] *Ala. Code* § 6-2-

8(a) (1975 as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is, therefore,

unavailing. Consequently, the statute of limitations expired on the claims related to

---

[5]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

Plaintiff's January 14, 2009, criminal court proceedings on or before January 14, 2011. As previously noted, Plaintiff filed this action on January 27, 2014. This filing, regarding the subject matter of Plaintiff's amended complaint, occurred ***after*** the imitation period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of

4

every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed regarding those claims which occurred on or before January 14, 2009, as he filed this cause of action over two (2) years after the violations which establish those claims accrued. As previously determined, the statutory tolling provision provides no basis for relief. The court concludes that Plaintiff's challenges to the actions of Defendants regarding matters which occurred on or before January 14, 2009, are barred by the statute of limitations. These claims are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

   B. *The Challenge to Plaintiff's Conviction/Sentence*

   If Plaintiff seeks to challenge the validity of a criminal conviction and/or sentence imposed upon him by the Circuit Court for Houston County, Alabama, such claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997)*; Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and

complaints containing such claims must therefore be dismissed.  512 U.S. at 483-89.  The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id.* at 481.  The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . " unless the inmate can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.  *Id*.  Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

A judgment in favor of Plaintiff in this cause of action would imply the invalidity of the challenged conviction and/or sentence.  It is clear from the complaint that the conviction

and/or sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the challenged conviction and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-90. Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before January 14, 2009, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the applicable statute of limitations;

2. Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon him on or about January 14, 2009, by the Circuit Court for Houston County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 8, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of March, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE